UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LEROY MARKEITH SIMMONS,

        Petitioner,

v.

                                      Case No. 1:09-cv-708
                                      Hon. Robert J. Jonker

CAROL HOWES,

        Respondent.

_____/

**REPORT AND RECOMMENDATION**

Petitioner, Leroy Markeith Simmons, a prisoner currently incarcerated at a Michigan correctional facility, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**I.**        **Background**

Petitioner was convicted of two counts of assault with intent to murder, M.C.L. § 750.83, and one count of being in possession of a firearm during the commission of a felony, M.C.L. § 750.227(b). *People v. Simmons*, No. 270832, slip op. at p. 1 (Mich. App. April 15, 2008). Petitioner's conviction arose from an incident which occurred in the early morning hours of April 17, 2005, in the parking lot of Pampas Lanes in Warren, Michigan. Prel. Exam. Trans. at p. 5 (May 17, 2005) (docket no. 12); Trial Trans. IV at pp. 152, 154-55 (March 23, 2006) (docket no. 20); Trial Trans. at pp. 4-56 (March 24, 2006) (docket no. 21).

The Michigan Court of Appeals summarized the crimes as follows:

> Here, the victim testified that defendant initiated both assaults. The first assault took place when defendant struck the victim in the face without warning and subsequently fired a gun at him. The second assault occurred after the victim left the parking lot in his vehicle and defendant followed him in another vehicle, which pulled up along side the victim at a stop light. Defendant fired a gun at the victim's car. . .

\*   \*   \*

>The victim testified that, during the first incident, defendant struck him in the face without provocation and fired a gun at him. In addition, a witness who observed the event testified that defendant stood over the victim and attempted to fire a handgun in the victim's direction. The prosecutor presented evidence that defendant's gun may have jammed when defendant stood over the victim, supporting the inference that defendant would have killed defendant if the gun had functioned properly. During the second incident, the victim testified that defendant followed his car, pulled along the side of it at a traffic light, and fired a gunshot directly into the victim's vehicle.

*Simmons*, No. 270832, slip op. at p. 2. Petitioner was sentenced to 6 to 20 years imprisonment for each conviction of assault with intent to murder, and two years imprisonment for the felony-firearm conviction, with the felony-firearm sentence to be served consecutively to the other sentences. *Id.* at p. 1.

Petitioner, through counsel, appealed his convictions, raising the following issues in the Michigan Court of Appeals:

I.  Was insufficient evidence presented at trial to sustain [petitioner's] convictions of assault with intent to murder.

II. Was [petitioner] denied his federal constitutional right to be free from being twice placed in jeopardy when he was convicted and sentenced for two counts of assault with intent to commit murder the same victim, based upon a single continuing transaction.

Petitioner's Brief on Appeal (docket no. 24).

Petitioner also filed a supplemental *pro se* appellate brief raising one additional issues:

III. Was [petitioner] denied the effective assistance of counsel [sic] of appellate counsel where counsel failed to raise issue of trial counsel's ineffectiveness, and other issues?

Petitioner's *pro se* supplement brief on appeal (docket no. 24). In reviewing petitioner's *pro se* brief, the Michigan Court of Appeals identified the following matters which his appellate counsel allegedly failed raise on appeal:

> A. Trial counsel unreasonably failed to move to suppress the in-court identifications of petitioner by witnesses Davis, Carter, Sanders and the victim.
>
> B. Trial counsel unreasonably failed to impeach the victim with purported inconsistencies between his trial testimony and his testimony at the preliminary examination.
>
> C. Trial counsel unreasonably failed to remove an unidentified juror, whom petitioner claims was biased.
>
> D. Trial counsel unreasonably failed to challenge jurors 45 and 74.
>
> E. Trial counsel was ineffective for failing to object to a misstatement of law during the prosecutor's opening statement and a misstatement of fact during the prosecutor's closing argument.
>
> F. Trial counsel unreasonably failed to investigate whether petitioner was competent to stand trial.
>
> G. Trial counsel unreasonably failed to call two key witnesses, who observed the events surrounding the assaults.
>
> H. Trial counsel unreasonably failed to challenge the expert testimony of an expert who opined about the trajectories of bullets that entered the victim's car.

*People v. Simmons*, No. 270832, slip op. at pp. 3-5.

After reviewing all of these issues, the Michigan Court of Appeals affirmed petitioner's conviction. *Id.* at pp. 1-6. Petitioner filed a *pro se* application for leave to appeal to the Michigan Supreme Court raising the following issue:

I.  [Petitioner] was denied the effective assistance counsel [sic] of appellate counsel where counsel failed to raise the issue of trial counsel's ineffectiveness, and other issues.

Petitioner also raised two new issues before the Michigan Supreme Court:

II. Ineffective assistance of trial counsel for failing to object to an improper jury instruction included in [petitioner's] case, and ineffective assistance of appellate counsel for failure to raise this issue in [petitioner's] appeal of right.

III. Prosecution mischaracterized evidence and made statements of fact to the jury that were not supported by the evidence.

Petitioner's Application for leave to Appeal (docket no. 25).

The Michigan Supreme Court denied petitioner's application for leave to appeal. *People v. Simmons*, No. 136526 (Mich. Oct. 27, 2008) (docket no. 25).

Simmons subsequently filed the present habeas petition raising the issue which was the basis for his *pro se* supplemental brief:

I.  [Petitioner] was denied the effective assistance of counsel of appellate counsel, where counsel failed to raise issue of trial counsel's ineffectiveness, and other issues.

    Petitioner's trial attorney failed to move to suppress improper in-court and in-the field identifications of the petitioner, failed to impeach the complainant with his contradicting preliminary examination and trial testimony, failed to remove biased jurors from petitioner's trial during jury selection, failed to object to prosecutorial misconduct that occurred during opening statements and during closing arguments, failed to investigate petitioner's competency to stand trial, failed to call two key witnesses for petitioner's defense, and failed to challenge the testimony of an expert witness whose testimony contradicted indisputable physical facts. Appellate counsel

> failed to raise these meritorious issues on appeal as requested by petitioner. The Michigan Court of Appeals failed to properly address these issues and the MI Sct failed to take this into account.

Petition (docket no. 1).

### II.     Standard of review under 28 U.S.C. § 2254

Petitioner seeks relief under 28 U.S.C. §2254, which provides that "a district judge shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." Before petitioner may seek such relief in federal court, however, he must first fairly present the substance of his claims to all available state courts, thereby exhausting all state remedies. *Picard v. Connor*, 404 U.S. 270, 277-78 (1981); *Clemmons v. Sowders*, 34 F.3d 352, 354 (6th Cir. 1994); *see* 28 U.S.C. §2254(b)(1)(A). Here, petitioner has exhausted the issues raised in his petition.

Where the state court has adjudicated a claim on its merits, the federal district court's habeas corpus review is limited by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which provides in pertinent part that:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication–
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

The AEDPA "imposes a highly deferential standard for evaluating state-court rulings, and demands that state-court decisions be given the benefit of the doubt." *Renico v. Lett*, -- U.S. --, 130 S.Ct. 1855, 1862 (2010) (internal quotation marks omitted). "Under the 'contrary to' clause, a federal habeas court may grant the writ only if the state court arrived at a conclusion opposite to that reached by the Supreme Court on a question of law, or if the state court decided the case differently than the Supreme Court has on a set of materially indistinguishable facts." *Jalowiec v. Bradshaw*, 657 F.3d 293, 301 (6th Cir. 2011), citing *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). "Under the 'unreasonable application' clause, a federal court may grant the writ only if the state court identified the correct governing legal principle from the Supreme Court's decisions but unreasonably applied that principle to the facts of the petitioner's case." *Id.* A court may not issue a writ of habeas corpus "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Williams*, 529 U.S. at 411. Rather, to grant habeas relief, the state court's application of the law must be found to be "objectively unreasonable." *Id.* at 409.

A determination of a factual issue by a state court is presumed to be correct. 28 U.S.C. § 2254(e)(1). A habeas petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence that the state court's determination was erroneous. *Magana v. Hofbauer*, 263 F.3d 542, 546-47 (6th Cir. 2001). The presumption of correctness accorded to a state court's findings of fact on federal habeas review also applies to the factual findings of a state appellate court based on the state trial record. *Brumley v. Winegard*, 269 F.3d 629 (6th Cir. 2001).

## III. Discussion

Petitioner contends that his appellate counsel was ineffective for failing to raise claims of ineffective assistance of trial counsel. According to petitioner, commencing on October 19, 2006, he wrote letters to his appellate counsel (Attorney Jonathan Simon) requesting that Simon pursue claims of ineffective assistance of counsel against his trial counsel and questioning whether Simon was comfortable with filing such a claim because Simon had worked on other cases with trial counsel. Simmons Letter (Oct. 19, 2006) (docket no. 2-2). In a subsequent letter dated November 19, 2006, petitioner listed 17 documents, photographs and legal issues that he wanted to include in his appellate brief and 6 motions he wanted to file to contest his conviction. Simmons Letter (Nov. 19. 2006) (docket no. 2-3).

In a response dated November 27, 2006, Attorney Simon advised petitioner that the trial transcripts were not yet complete due to a clerical error at the Macomb County Circuit Court Office; that nothing was due until 56 days after the final transcript was filed; and that he hardly knew petitioner's trial counsel and had "never worked for him or with him on any case." Simon letter (Nov. 27, 2006) (docket no. 2-4). Attorney Simon also addressed three general issues raised by petitioner:

> "In response to your letter, please explain how various identification issue [sic] are relevant to your appeal if your claim is that you were acting in self defense. Even your sister places you at the scene.
>
> * * *
>
> . . .If [trial counsel] made a mistake which denied you a fair trial, I will not hesitate to raise that issue on appeal. Until I can review all of the transcripts, I cannot determine whether his assistance was ineffective.
>
> On the other hand , your claim that you were incompetent to stand trial may be grounds for a new trial. For me to further evaluate that claim, I will need more

>than your statements to the probation officer in the PSIR and to the judge at sentencing. If you provide me with further information as to your psychiatric condition at the time of trial, I may be able to pursue that claim"

*Id.*

Ultimately, petitioner's appellate counsel raised two claims of error on appeal: first, that the convictions were not supported by substantial evidence; and second, that the convictions violated petitioner's constitutional right to be free from double jeopardy (because he was convicted and sentenced for two counts of assault with intent to commit murder on the same victim, which arose from a single continuing transaction). Unsatisfied with appellate counsel's work, petitioner filed a supplemental *pro se* brief on appeal, which claimed that his appellate counsel was ineffective for failing to raise eight instances of ineffective assistance of trial counsel.

In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court set forth a two-prong test to determine whether counsel's assistance was so defective as to require reversal of a conviction: (1) the defendant must show that counsel's performance was deficient and (2) the defendant must show that counsel's deficient performance prejudiced the defense, i.e., "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Strickland,* 466 U.S. at 687. In making this determination, the court "must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id.* at 690. "[T]he threshold issue is not whether [petitioner's] attorney was inadequate; rather, it is whether he was so *manifestly* ineffective that defeat was snatched from the hands of probable victory." *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992) (emphasis in original), *cert. denied* 508 U.S. 975 (1993).

Under *Strickland*, the reviewing court's scrutiny of counsel's performance is highly deferential, and the court is to presume that counsel rendered adequate assistance and made decisions with reasonable professional judgment. *Strickland*, 466 U.S. at 689-690. Appellate counsel enjoys a strong presumption that the alleged ineffective assistance falls within the wide range of reasonable professional assistance. *See Willis v. Smith*, 351 F.3d 741, 745 (6th Cir. 2003). It is not necessary for appellate counsel to raise every non-frivolous claim on direct appeal. *Smith v. Murray*, 477 U.S. 527, 536 (1986); *Jones v. Barnes,* 463 U.S. 745 (1983).

> Experienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most on a few key issues.

*Jones*, 463 U.S. at 751-52. It is well-recognized that the effect of adding weak arguments to an appellate brief "will be to dilute the force of the stronger ones." *Id.* at 752, *quoting* R. Stern, *Appellate Practice in the United States* 266 (1981).

When evaluating the issue of ineffective assistance of appellate counsel, prejudice is shown if there is a reasonable probability that, but for his counsel's failings, the defendant would have prevailed on his appeal. *Evans v. Hudson*, 575 F.3d 560, 564 (6th Cir. 2009), citing *Mapes v. Tate*, 388 F.3d 187, 194 (6th Cir.2004). A "reasonable probability" is a probability sufficient to undermine the court's confidence in the outcome. *Id.* at 564-65. To evaluate a claim of ineffective assistance of appellate counsel, the court assesses the strength of the claim appellate counsel failed to raise. *Wilson v. Parker*, 515 F.3d 682, 707 (6th Cir. 2008). "Counsel's failure to raise an issue on appeal could only be ineffective assistance if there is a reasonable probability that inclusion of the issue would have changed the result of the appeal." *McFarland v. Yukins*, 356 F.3d 688, 699 (6th Cir.2004).

Petitioner's claim of ineffective assistance of appellate counsel fails. The correspondence between petitioner and his appellate counsel demonstrates that counsel was engaged in a process of evaluating petitioner's claims and "winnowing out weaker arguments." *Jones*, 463

9

U.S. at 751-52. The correspondence also reflects that appellate counsel requested information from petitioner in an effort to raise the issues which petitioner requested.[1] Ultimately, petitioner's appellate counsel raised two grounds for the appeal (insufficient evidence and double jeopardy). Although appellate counsel was not successful, the two grounds raised on appeal articulated credible constitutional challenges to petitioner's convictions. Under these circumstances, appellate counsel's performance was not deficient.

Furthermore, even if the court assumed that appellate counsel was deficient for failing to raise the eight claims of ineffective assistance of trial counsel identified in petitioner's *pro se* brief, petitioner's claim would fail because he suffered no prejudice. Petitioner had his day in court to argue the alleged ineffective assistance of trial counsel. The Michigan Court of Appeals identified the eight issues in petitioner's *pro se* brief and addressed each issue. *Simmons*, No. 270832, slip op. at pp. 3-5. Thus, there was no probability that "but for" appellate counsel's failure to raise the ineffective assistance of trial counsel claims, petitioner would have prevailed on appeal, because the appellate court considered the arguments which appellate counsel failed to raise and rejected them. *See Evans*, 575 F.3d at 564. Accordingly, petitioner's claim of ineffective assistance of appellate counsel should be denied.

### IV.     Recommendation

For these reasons, I respectfully recommend that the habeas petition be **DENIED**. Rule 8, Rules Governing § 2254 Cases in the United States District Courts.


Dated:  August 21, 2012                             /s/ Hugh W. Brenneman, Jr.
                                                    HUGH W. BRENNEMAN, JR.
                                                    United States Magistrate Judge

---

[1] The court notes that this correspondence was not part of the record on appeal. The Michigan Court of Appeals reviewed petitioner's ineffective assistance of counsel claims based upon the mistakes apparent on the record. *Simmons*, No. 270832 at pp. 3-6.

ANY OBJECTIONS to this Amended Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).