UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


LEROY MARKEITH SIMMONS,

        Petitioner,

                                                CASE NO. 1:09-CV-708

v.

                                                HON. ROBERT J. JONKER

CAROL HOWES,

        Respondent.

_____/

## ORDER APPROVING AND ADOPTING
## REPORT AND RECOMMENDATION

The  Court has reviewed the Magistrate Judge's Report and Recommendation (docket # 27)

and Petitioner's Objections to Report and Recommendation (docket # 29).  Under the Federal Rules

of Civil Procedure, where, as here, a party has objected to portions of a Report and

Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's

recommendation unless, on de novo reconsideration, he or she finds it justified."  12 WRIGHT,

MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997).

Specifically, the Rules provide that:

> The district judge must determine de novo any part of the magistrate
> judge's disposition that has been properly objected to.  The district
> judge may accept, reject, or modify the recommended disposition;
> receive further evidence; or return the matter to the magistrate judge
> with instructions.

FED R. CIV. P. 72(b)(3).  De novo review in these circumstances requires at least a review of the

evidence before the Magistrate Judge.  *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981).

The Court has reviewed de novo the claims and evidence presented to Magistrate Judge Brenneman; the Report and Recommendation itself; and Petitioner's Objections.  After its review, the Court finds the Report and Recommendation to be both factually sound and legally correct. Petitioner's objections in essence reassert and supplement the principal claims raised in his habeas petition.  The Report and Recommendation fully addresses those claims.  Moreover, as the Report and Recommendation points out, the record does not reflect that Petitioner suffered any prejudice from the alleged ineffective assistance of counsel.  *See Strickland v. Washington*, 466 U.S. 668, 687 (1984)(finding that to succeed on an ineffective assistance claim, the defendant must show (1) that counsel's performance was deficient and (2) that counsel's deficient performance prejudiced the defense, i.e. "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.").  The Magistrate Judge carefully and thoroughly considered the record in the case and properly applied the law to the facts.  Nothing in the objections changes the analysis.

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a petitioner may not appeal in a habeas corpus case unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1).  The Federal Rules of Appellate Procedure extend to district judges the authority to issue certificates of appealability.  FED. R. APP. P. 22(b); see also, *Castro v. United States*, 310 F.3d 900, 901-02 (6th Cir. 2002) (the district judge "must issue or deny a [certificate of appealability] if an applicant files a notice of appeal pursuant to the explicit requirements of Federal Rule of Appellate Procedure 22(b)(1)").  However, a certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

To obtain a certificate of appealability, Petitioner must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."

*Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). While Petitioner is not required to establish that "some jurists would grant the petition for habeas corpus," he "must prove 'something more than an absence of frivolity' or the existence of mere 'good faith.'" *Id.* (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)). The Court does not believe that reasonable jurists would find its assessment of the constitutional claims debatable or wrong. Mr. Simmons has not made a substantial showing of the denial of a constitutional right. Therefore, he is not entitled to a certificate of appealability.

**ACCORDINGLY, IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge (docket # 27) is approved and adopted as the opinion of the Court.

**IT IS FURTHER ORDERED** that Petitioner's Petition for Writ of Habeas Corpus is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner's request for a Certificate of Appealability is **DENIED**.

Dated:     September 25, 2012          /s/ Robert J. Jonker
                                                ROBERT J. JONKER
                                                UNITED STATES DISTRICT JUDGE